IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 19-cv-00197-REB-NRN

TINA MEHAFFEY,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

    Defendant.

## ORDER

**Blackburn, J.**

On December 18, 2019, the parties filed cross-motions seeking summary judgment on plaintiff Tina Mehaffey's claims under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"). (*See* **Plaintiff's Motion for Summary Judgment** [#41];[1] **Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law** [#43].)  For the reasons set forth herein, I deny these motions without prejudice and stay this case, pending determination by the United States Supreme Court as to the constitutionality of the TCPA's federal debt collection exemption.

The TCPA makes it unlawful, *inter alia*, for any person

> (A) to make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

---

[1] "[#41]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

> . . .
>
> > (iii) to any telephone number assigned to a . . . cellular telephone service, . . . *unless such call is made solely to collect a debt owed to or guaranteed by the United States.*

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Defendant Navient Solutions, LLC ("Navient") claims the benefit of this exemption, as to which it bears the burden of proof.[2] ***See United States v. First City National Bank of Houston***, 386 U.S. 361, 366, 87 S.Ct. 1088, 1092, 18 L.Ed.2d 151 (1967) (burden of proof falls on party claiming benefit of exception to prohibition of statute).

Navient claims it is entitled to this exemption because the purpose of its calls to Ms. Mehaffey's telephone number[3] was to collect on a delinquent account for a Federal Stafford Loan.[4] (***See* Def. Motion**, Exh. 1 ¶¶ 6-8 at 2 & Exh. 1.) Although Ms. Mehaffey insists there are genuine disputes of material fact as to whether Navient is entitled to the

---

[2] This exception for federally guaranteed debt was added to the TCPA as part of its enactment of the Bipartisan Budget Act of 2015, Pub. L. No. 114-74 § 301, 129 Stat. 584, 588 (Nov. 2, 2015).

[3] Ms. Mehaffey was not the borrower on this loan. Rather, the loan was obtained by Alexis Whitcomb. Ms. Whitcomb gave her consent to be contacted as part of the agreement in securing the loan. The telephone number Ms. Whitcomb provided when she obtained the loan in 2014, however, was later reassigned to Ms. Mehaffey.

[4] The Stafford Loan Program, 20 U.S.C. § 1071, is one of four federally guaranteed student loan programs which are part of the Federal Family Education Loan Program ("FFELP"). ***See Morgan v. Markerdowne Corp.***, 976 F.Supp. 301, 308 n.4 (D.N.J. 1997). "Under these programs, lenders make guaranteed loans under favorable terms to students and their parents, and these loans are guaranteed by guaranty agencies and ultimately by the federal government." ***Cliff v. Payco General American Credits, Inc.***, 363 F.3d 1113, 1123 (11th Cir. 2004); ***Clark v. Navient Solutions, LLC***, 396 F.Supp.3d 1083, 1086 (M.D. Fla. 2019). "Thus, the federal government served (and still serves) as the ultimate guarantor on FFELP loans." ***Nelson v. Great Lakes Educational Loan Services, Inc***., 928 F.3d 639, 643 (7th Cir. 2019). Courts thus have uniformly found FFELP loans to fall within the parameters of the federal debt collection exception. ***See Franklin v. Navient Corp.***, 2019 WL 4222681 at *4 (D. Del. Sept. 5, 2019); ***Neiman v. Navient Solutions, LLC***, 2019 WL 5105449 at *4 (S.D. Iowa Jan. 8, 2019); ***Tucker v. Pennsylvania Higher Education Assistance Agency***, 2018 WL 3458714 at *4-5 (W.D. Mich. May 10, 2018); ***Whalen v. Navient Solutions, LLC***, 2018 WL 1242020 at *2, *4 (S.D. Inc. March 9, 2018).

benefit of this exception, I find her arguments unconvincing.[5]  Having considered the arguments of the parties and reviewed the evidence, I conclude that Navient has shown it is entitled to the benefit of the federal debt collection exception.

Nevertheless, two circuit courts of appeals recently have found this provision to be an unconstitutional.  **See Duguid v. Facebook, Inc.**, 926 F.3d 1146, 1154-57 (9th Cir. 2019); **American Association of Political Consultants, Inc. v. Federal Communications Commission**, 923 F.3d 159, 167-70 (4th Cir. 2019).  Several federal district courts have followed these precedents and struck down the federal debt collection exception as a content-based restriction on free speech which does not survive strict scrutiny (albeit severable from the rest of the TCPA).  **See, e.g.**, **Rosenberg v. LoanDepot.com LLC**, 2020 WL 409634 at *6-7 (D. Mass. Jan. 24, 2020); **Perrong v. Liberty Power Corp.**, 411 F.Supp.3d 258, 263-68 (D. Del. 2019); **Hand v. ARB KC, LLC**, 2019 WL 6497432 at *11-12 (W.D. Mo. Dec. 3, 2019).  Others have upheld the exception against constitutional challenge.  **See, e.g. Greenley v. Laborers' International Union of North America**, 271 F.Supp.3d 1128, 1151 (D. Minn. 2017) (although federal debt collection exception is a content-based restriction on speech, it survives strict scrutiny); **Mejia v. Time Warner Cable Inc.**, 2017 WL 3278926 at *14-17 (S.D.N.Y. Aug. 1, 2017) (same).

---

[5] Although Ms. Whitcomb may have had two loans with Navient, it is clear that the loan which became delinquent, and the only loan about which Navient attempted to contact Ms. Whitcomb, was her federally guaranteed student loan.  I also reject the hypertechnical suggestion that Navient's statement that it called Ms. Whitcomb "[i]n an effort to assist [her] to resolve her delinquent account" (see Def. Motion App., Exh. 1 ¶ 10 at 2), is not equivalent to calling "solely to collect a debt."  The way to "resolve a delinquent account" is by collecting whatever payments are due and owing thereon.  Finally, Ms. Mehaffey has cited no case, and I have found none, in support of her argument that any call made after she informed Navient that it has the wrong number cannot have been to collect a debt.

However, after the instant motions were fully briefed and ripe for determination, the Supreme Court granted certiorari in *Duguid* and *American Association of Political Consultants*, *see Barr v. Political Consultants*, 2020 WL 113070 (No. 19-631) (Jan. 10, 2020), to address "[w]hether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute," Petition for Writ of Certiorari, *American Association of Political Consultants*, 2019 WL 6115075 at *I (Nov. 14, 2019) (No. 19-631).  This development raises the question whether the court should stay resolution of these motions until the Supreme Court provides a definitive determination of this pivotal issue.     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North America Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).  *See also Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983); *Capitol Specialty Insurance Corp. v. Southwest Clubs, Inc.*, 2015 WL 11117308 at *2 (D.N.M. March 31, 2015); *Hartford Casualty Insurance Co. v. Samuel Engineering, Inc.*, 2015 WL 11117308 *2 (D. Colo. March 25, 2014).  In many instances, "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good [reason], if not an excellent one" to stay a case.  *Miccosukee Tribe of Indians v. South Florida Water Management District*, 559 F.3d 1191, 1198 (11th Cir. 2009).   My discretion in this regard is guided by consideration of the relative hardships the parties

4

will bear if the case is stayed, versus proceeding with determination of the issues. ***Capitol Speciality Insurance Corp.***, 2015 WL 11117308 at *2.  I also must give due regard to considerations of judicial economy "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  ***Id.*** (quoting ***CMAX, Inc. v. Hall***, 300 F.2d 265, 268 (9th Cir. 1962)) (internal quotation marks omitted).  ***See also Landis***, 57 S.Ct. at 166 (stay awaiting decision in related case proper if "in all likelihood it will settle many [issues of fact and law] and simplify them all").

Consideration of these factors here convinces me a stay is warranted in this case.  On the one hand, this case has not been pending on the docket for any significant amount of time; it was filed barely over a year ago.  On the other, discovery is now closed, and the determinative issues have been joined.  Thus there is no danger that relevant evidence will be lost or compromised by delay.  ***See Campbell v. Oregon Department of State Lands***, 2017 WL 3367094 at *3 (D. Or. Aug. 4, 2017); ***Burke v. Alta Colleges, Inc.***, 2012 WL 502271 at *2 (D. Colo. Feb. 15, 2012).  There is no request here for injunctive relief or other time-sensitive remedies that might be negatively impacted by a stay of these proceedings.  ***See Baker v. Dynamic Ledger Solutions, Inc.***, 2018 WL 656012 at *2 (N.D. Cal. Feb. 1, 2018).  Although the Supreme Court's is unlikely to hear the ***Duguid*** and ***American Association of Political Consultants*** appeal before the end of its current term, it is reasonable to expect a hearing and decision by the end of the following term.  Given the lack of any other harm, this mere delay, although not wholly inconsequential, does not by itself weigh against the imposition of a stay.

By contrast, consideration of the just, efficient, and speedy resolution of cases on the court's docket weighs heavily in favor of a stay.  Were I to find the federal debt collection exemption unconstitutional, this case would proceed to trial, with all the burdens and expenses attendant thereon.  Conversely, if I were to uphold the exemption, Ms. Mehaffey undoubtedly would appeal the judgment in Navient's favor, where the same uncertainty still would prevail, at least until the Supreme Court rules.  Thus, expending further party and judicial resources in resolving an unsettled issue which will be determinated definitively in the not-too-distant future would be profligate.

I therefore find and conclude that a stay of these proceedings is warranted pending resolution of the case-determinative issues to be resolved by the Supreme Court in **Barr v. Political Consultants**.  I will deny the parties' summary judgment motions without prejudice, expecting that renewed or supplemental motions may be filed following the Court's decision.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Summary Judgment** [#41], filed December 18, 2019, is denied without prejudice;

2. That **Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law** [#43], filed December 18, 2019, is denied without prejudice;

3. That the combined Final Pretrial Conference and Trial Preparation Conference scheduled for March 12, 2020, at 11:00 a.m., is vacated;

4. That the trial scheduled to commence on March 30, 2020, is vacated;

5. That under D.C.COLO.LCivR 41.2, this action is closed administratively; and

6.  That under D.C.COLO.LCivR 41.2, the clerk is directed to close this civil action administratively, subject to reopening for good cause.

Dated February 13, 2020, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge